## Shoemakersville Borough v. Shoemakersville Borough Police Association

C.P. of Berks County, no. 10-3017.

*Scott E. Vissman,* for plaintiff.
*Thomas H. Kohn,* for defendant.

SPRECHER, *J.,* August 13, 2010—Petitioner, Shoemakersville Borough, appeals the order dated May 7, 2010, that denied its petition to vacate an Act 111 grievance arbitration award. This opinion is filed pursuant to Pa.R.A.P. 1925.

## FACTS

Although the parties have been involved in a lengthy contract dispute, the facts as gleaned from the record are uncontroverted. Ronald Yocum (grievant) was initially hired as a part-time police officer by the Shoemakersville Borough in 1989. He was appointed chief of police in February 1990.

On May 3, 2004, grievant made a traffic stop and twisted his back as he jumped into his patrol car to avoid being struck by another vehicle. Grievant required back surgery and rehabilitation. Both his personal doctor and Borough's doctor released grievant to return to work in October 2004. However, Borough placed him on paid administrative leave under the Heart and Lung Act pending further investigation of alleged disciplinary infractions. On February 5, 2005, borough terminated grievant on the basis of alleged misconduct.

Shoemakersville Borough Police Association filed a grievance on the issue of whether Borough had just cause to fire grievant. The arbitration decision stated that grievant was to be reinstated immediately with full credit for seniority, longevity, vacation, and pension. He was also to receive full back-pay except for a 60-day period and was to be compensated for the pay differential from the Act 111 Award that he had been denied while being paid under the Heart and Lung Act.

Board appealed the award. The trial court dismissed the appeal on November 14, 2006. Board did not file a further appeal. However, it also did not comply with the award.

On June 6, 2006, at a Borough Council meeting association presented a notice of intention to initiate collective bargaining to pursuant to Act 111. At the same meeting Borough voted to disband immediately the police department.

Association filed an unfair labor practice (ULP) charge with the Pennsylvania Labor Relations Board (PLRB) that Borough had unlawfully failed/refused to comply with grievant's arbitration award. On June 4, 2007, grievant applied for disability retirement benefits while the ULP charge was still pending. A report from grievant's treating physician dated May 23, 2007, stated that grievant's condition had gradually worsened to the point that grievant was permanently precluded from performing police duties. Grievant filed a grievance upon Borough's failure to respond to his request. The PLRB hearing examiner found that Borough's failure and/or refusal to comply with the arbitration award was unreasonable.

On August 21, 2007, Borough denied grievant's request for disability benefits. Association then gave notice of its intent to arbitrate the matter of grievant's disability retirement. Borough claimed that the matter was not able to be arbitrated because no collective bargaining agreement existed so there was no bargaining obligation in existence.

The arbitrator found the grievance to be not arbitrable. Association appealed the award to this court. By order dated February 2, 2009, this court granted Association's

petition and vacated the award. The case was remanded to arbitrator for a determination on the merits.

The relevant contractual provision is found in article XIII—Pensions, section 3 and reads in pertinent part as follows:

"Any full-time (sic) police officer who dies or becomes totally disabled due to injury sustained in the line of duty shall be fully vested, and shall be eligible for retirement benefits of 50 percent of final average salary."

On remand the arbitrator found that grievant was entitled to a pension for several reasons. Grievant's medical condition was undisputed. Grievant's treating physician noted in his medical report that:

"There is no history that indicates that there has been a new injury since the original injury of May 3, 2004. There has been a gradual worsening of the patient's lower back pain without any new injury or aggravation. His chronic lower back problem is directly related [to] the work injury of May 3, 2004.

"With a reasonable degree of medical certainty, it is felt that Mr. Yocum is not capable of performing the duties of a police officer."

Following his termination, grievant engaged in sporadic part-time police work, but he never again performed regular, full-time police duties. He was working in a supervisory capacity for a roofing company. Grievant had completed more than 12 years of service so his pension would have vested under the bargaining agreement.

Borough filed a petition to vacate the Act 111 grievance arbitration award which this court denied by order on May 7, 2010. Borough filed a timely appeal.

## ISSUES

Borough raises three issues in its concise statement of errors complained of on appeal:

(1) This court erred as a matter of law, abused its discretion and exceeded its authority under the narrow certiorari standard of review by vacating the arbitrator's initial award in which the arbitrator concluded that the underlying grievance was not arbitrable because he lacked jurisdiction.

(2) This court erred as a matter of law, abused its discretion and exceeded its authority under the narrow certiorari standard of review by failing to affirm the arbitrator's initial award on the basis that no collective bargaining agreement existed upon which the arbitrator could derive jurisdiction and in the absence of any intent by the parties that grievances arising after the expiration of or in the absence of the agreement would be arbitrable. This court further failed to affirm arbitrator's initial award on the alternative basis that, as the result of the lawful disbandment of the police department, the parties' obligation to bargain and the corresponding obligation to arbitrate were extinguished and on that basis that Yocum was no longer a police officer and, therefore, no longer a member of the category of individuals eligible for a disability pension benefit, *i.e.,* police officers.

(3) This court erred as a matter of law, abused its discretion and exceeded its authority under the narrow certiorari standard of review by refusing to vacate the arbitrator's second award on the ground that arbitrator's second award directed the borough to perform an act in excess of its statutory authority, *i.e.,* to provide a dis-

ability pension to an ineligible individual who was not a police officer at the time at which his disability allegedly became permanent by virtue of a legitimate disbandment of the borough's police department a year prior. This court further erred by failing to reinstate arbitrator's initial award as to his jurisdiction or to afford any deference thereto.

## DISCUSSION

The first two issues are interrelated and shall be addressed collectively. The essential issue is that this court should have affirmed the arbitrator's initial award on the grounds that no valid collective bargaining agreement existed upon which the arbitrator could have derived jurisdiction and the absence of any intent by the parties that grievances arising after the expiration of or in the absence of the agreement would be arbitrable. These issues are without merit.

A court has authority to grant relief from an arbitration award pursuant to 43 P.S. §217.1 et seq. The court's inquiry is limited to four areas: the arbitrator's jurisdiction, the regularity of the proceedings, an excess of the arbitrator's powers, and deprivation of constitutional rights. *Pennsylvania State Police v. Pennsylvania State Troopers Association,* 698 A.2d 688 (Pa. Commw. 1997).

Arbitrator found that the grievance was not an arbitrable issue because no agreement was in existence and the creation of a future entitlement to the contractual benefits was not discernible from the contract so he lacked jurisdiction. This was a legal determination. There is no reason in law or logic why a court should defer to an arbitrator on questions of whether jurisdiction existed,

whether the proceedings were regular, whether there was an excess in the exercise of the arbitrator's powers, or whether constitutional rights were deprived. *McCandless v. McCandless Police Officers,* 587 Pa. 525, 901 A.2d 991 (2006).

This court determined that the issue was the jurisdiction of the arbitrator so it reviewed the award. An agreement does not have to state explicitly that pension issues are to be arbitrated after the expiration of the agreement. The nature of pensions is such that a claimant's interest must vest in the future, usually beyond the lifetime of the bargaining agreement. If a person's pension vested immediately, he or she probably would not be a participant in the bargaining agreement.

Furthermore, there was a property right involved in this matter. Grievant made contributions to his pension plan. His plan also vested according to his years of service. By refusing grievant a pension, borough was denying grievant a benefit to which he was entitled.

For these reasons, this court remanded the matter to arbitrator to determine the merits of the grievance.

This court found Borough's argument that the arbitrator exceeded his statutory authority by providing a disability pension benefit to an ineligible individual who was not a police officer at the time of his disability due to the prior disbandment of the police department meritless.

Borough and Association participated in binding arbitration. Borough did not appeal the trial court's decision to the appellate court. Instead, Borough ignored the award

completely and refused to allow grievant to return to work. If it had complied with the award, perhaps, grievant's permanent disability may have been revealed earlier. Borough never presented any evidence or argument that grievant was not disabled.

It is also uncontroverted that grievant was injured in the performance of his duties as a police officer while the agreement was in effect. Thus, grievant became totally disabled due to an injury sustained in the line of duty. Essentially, he "vested" in the entitlement to the benefit on the date of his injury, May 3, 2004. It was determined in May 2007 that his permanent disability was a direct result of that injury and therefore, he became eligible for the contractual disability pension benefits. The time of the disability, not the date of the request, determines eligibility. Hence, arbitrator did not exceed his authority in entering the award.

In the case sub judice would be inherently unfair to allow Borough to benefit from its flagrant refusal to honor a binding arbitration award and to ratify its dilatory tactics. Borough did not appeal the award. By Borough's denying grievant the opportunity to resume his job, grievant did not have the opportunity to request his disability pension while the agreement was in existence. Borough should not be rewarded for violating a collective bargaining agreement, especially when it was determined that Borough did not have a good reason for doing so.

In accordance with the foregoing opinion, this court submits that the appeal should be dismissed and its order sustained.